**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**AUNDRIA BRYANT BRANCH,**

    **Petitioner,**

**v.**	           **Case No. 4:22cv112-AW/MAF**

**WARDEN ERIKA STRONG,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On March 17, 2022, this Court entered an order directing Petitioner to file, within thirty (30) days, an amended § 2241 petition, two service copies thereof, and the requisite filing fee. Petitioner was warned that failure to comply with a court order could result in a recommendation of dismissal.

Petitioner filed her amended petition and paid the filing fee. ECF Nos. 5, 6. However, she did not submit the required service copies of her amended petition.

In an order filed May 4, 2022, the court directed Petitioner to submit the requisite service copies or otherwise show cause why the case should not be dismissed. The Court set a deadline of May 19, 2022, and warned Petitioner again that "failure to comply with this order will result in a recommendation of dismissal of this case without further notice." ECF No.

7 at 2.

On May 19, 2022 the clerk received and docketed a submission titled "Memorandum in Support of Each Ground of 2241 Habeas Corpus Motion by Incarcerated Person." ECF No. 8. The four substantive pages of the document are identical to pages 7 through 10 of her amended petition. Petitioner's submission contains a note stating in part that on Monday May 16, 2022 at 6:30 p.m. "I placed the second set of my Amended complaint in the FCI Tallahassee mail box." ECF No. 8-1 at 1. However, as of this date the Clerk of Court has not received the service copies.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner did not comply with this court's order, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this report and recommendation in which to file objections. This will also afford Petitioner

Case No. 4:22cv112-AW/MAF

a final opportunity to show good cause for her failure to respond. Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on June 6, 2022.

>    s/ MARTIN A. FITZPATRICK
>    MARTIN A. FITZPATRICK
>    UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv112-AW/MAF